**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JHON E.R.-C.,

Petitioner,

v.

TODD BLANCHE, *in his official capacity as Attorney General of the United States*;

MARKWAYNE MULLIN, *in his official capacity as Secretary, U.S. Department of Homeland Security*;

DAVID VENTURELLA, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

JAMES TADMAN*, in his official capacity as Sheriff, Polk County*; and

JOEY PEDERSON*, in his official capacity as Jail Administrator, Northwest Regional Corrections Center*,

Respondents.

Civil No. 26-4068 (JRT/EMB)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Matthew Beyer, **HUSCH BLACKWELL LLP**, 80 South Eighth Street, Suite 4800, Minneapolis, MN 55402, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Jhon E.R.-C. is a citizen of Colombia who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota. On September 21, 2026, Petitioner filed a Verified Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention violate the Fourth and Fifth Amendments to the U.S. Constitution, Administrative Procedures Act, *Accardi* doctrine, and Immigration and Nationality Act. Todd Blanche, Markwayne Mullin, David Venturella, David Easterwood, James Tadman, and Joey Pederson (collectively, Respondents) are named in the Petition. Respondents failed to timely answer the Petition or request an extension to the deadline imposed in the Court's September 22, 2026 order.

Because the deadline was not met or changed upon request of Respondents, the Court concludes that Respondents do not oppose the Petition. Consequently, the Court will grant the petition and order Petitioner's immediate release.

**BACKGROUND**

Petitioner is a citizen of Colombia who entered the United States in July 2022 and was released on humanitarian parole that same month. (Pet. for Writ of Habeas Corpus

("Pet.") ¶ 2, Sept. 21, 2026, Docket No. 1.)[1] He has a pending asylum application. (*Id.*) Petitioner also has an approved work permit. (*Id.*) ICE detained Petitioner on August 7, 2026. (*Id.* ¶ 3.) He is currently detained in the Adult Detention Center in Polk County, Minnesota. (*Id.* ¶ 6.) Petitioner filed this petition on September 21, 2026, requesting his immediate release or, in the alternative, that a prompt bond hearing be held to determine whether he should remain in custody. (*Id.* at 53.)

On September 22, 2026, the Court ordered Respondents to answer the Petition by 3:00 p.m. on September 25, 2026, and that the answer must provide supporting documentation and argument that "certif[ies] the true cause and proper duration of Petitioner's confinement and show[s] cause why the writ should not be granted in this case." (Docket No. 4.) Respondents did not file a brief by the deadline, nor did they request to extend the deadline for submission.

**DISCUSSION**

Respondents failed to timely answer the Petition. The Court therefore considers the Petition unopposed and will consequently grant the requested relief requested. *See Andreas S. v. Bondi*, Civ. No. 26-2004, 2026 WL 841396, at *3–4 (D. Minn. Mar. 26, 2026) (ordering release after Respondents did not timely respond to a habeas petition). The

[1] The Court accepts the assertions in Petitioner's petition because Respondents did not contest any of the factual allegations. *Andres S. v Bondi*, Civ. No. 26-2004, 2026 WL 841396, at *1 n. 2 (D. Minn. Mar. 26, 2026) (citing *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000)).

unopposed assertions in the Petition establish that ICE officers did not effectuate a lawful arrest. Respondents, by failing to timely respond, make no argument about whether 8 U.S.C. § 1225(b) or § 1226(a) applies to Petitioner. The absence of any argument from Respondents is sufficient grounds for granting the Petition. The Court will therefore grant the petition and order Petitioner's immediate release.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Jhon E.R.-C.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED** as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.
2. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.
3. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on September 29, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation by **no later than 5:00 pm on October 2, 2026**.

DATED: September 26, 2026
at Minneapolis, Minnesota.

/s/John R. Tunheim
JOHN R. TUNHEIM
United States District Judge